**20PE-CC00253**

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

IN THE CIRCUIT COURT OF PEMISCOT COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **RICKY L. TILLMAN, JR**., surviving son of<br>Ricky L. Tillman, Sr., deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **THE BNSF RAILWAY COMPANY**, | ) | |
| | ) | |
|     **SERVE:** REGISTERED AGENT | ) | |
|     LAUREL STEVENSON | ) | **Jury Trial Demanded** |
|     c/o HAYDEN COWHERD & | ) | |
|     BULLOCK, LLC | ) | |
|     2135 E. SUNSHINE | ) | |
|     SPRINGFIELD, MO 65804 | ) | |
| and | ) | |
|     **DONALD HANDY** | ) | |
|     1974 LONGVIEW DRIVE | ) | |
|     CAPE GIRARDEAU, MO 63701 | ) | |
| | ) | |
| and   **TITUSAN TOWNSEND, DECEASED** | ) | |
|     **BY DEFENDANT AD LITEM** | ) | |
|     **WALLY BLEY** | ) | |
| | ) | |
|     **SERVE AT:** | ) | |
|     1000 W. Nifong Blvd. Suite 200 | ) | |
|     Columbia, MO 65203 | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR DAMAGES**

**COMMON COUNT**

COMES NOW Plaintiff Ricky L. Tillman, Jr, individually and on behalf of the

Class 1 Plaintiffs under Missouri's Wrongful Death Statute, Section 537.080, RSMO, by



Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

and through his attorneys, Cook, Barkett, Ponder & Wolz, L.C. and for the Common Count of his Petition against Defendants, alleges as follows:

1.       Plaintiff Ricky L. Tillman, Jr. is an adult individual who, at all times relevant hereto, was and is a citizen and resident of the State of Arkansas.  Ricky L. Tillman, Jr. was, at the time of the occurrence herein specified, the biological son of the Decedent, Ricky L. Tillman, Sr. and a proper party to bring this action under Missouri's wrongful death statute on behalf of all class one plaintiffs.

2.       Defendant BNSF Railway Company (hereinafter referred to as "BNSF") is a duly organized and existing Delaware corporation which acts by and through its agents, servants and/or employees and which is engaged in the business of operating a railway system in interstate commerce and in the transportation of freight by railroad in said interstate commerce, and engages in such business in Pemiscot County, Missouri and owns, controls and operates a railroad running into and through Pemiscot County, Missouri.

3.       Defendant Donald Handy is an  adult individual who, at all times relevant hereto, was and is a citizen and resident of the State of Missouri and who was at all times relevant hereto an agent, servant and/or employee of Defendant BNSF acting within the course and scope of his agency, servitude and/or employment in the capacity of train engineer with supervisory duties as more fully set forth hereinafter.

4.       Wally Bley is an attorney duly licensed to practice law in the state of Missouri who has consented to serve in the capacity of Defendant Ad Litem for Decedent Titusan Townsend who, at the time of the occurrence mentioned herein was

2

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

the driver of the 2017 Chevrolet Impala (hereinafter "Townsend vehicle")  which was involved in the collision.

5.      At the time of the occurrence, Decedent Townsend was and a citizen and resident of the State of Missouri residing at 4310 S. Germantown, Columbia, Missouri 65203.

6.      No estate has been opened on behalf of Decedent Titusan Townsend.

7.      On or about August 14, 2020, at approximately 5:30 p.m., Decedent Ricky L. Tillman, Sr. was a passenger the Townsend vehicle traveling in an westerly direction along Gettings Lane in Pemiscot County, at or near the crossing of rail tracks owned by Defendant BNSF at its grade crossing with said Gettings Lane bearing USDOT/AAR crossing ID number 665539N.

8.      At that time and at that crossing the Defendant BNSF owned, maintained, and controlled the tracks and right-of-way which intersected and crossed over Gettings Lane.

9.      As Decedent Townsend entered the subject crossing, an oncoming southbound BNSF train violently struck the vehicle in which Decedent Ricky L. Tillman, Sr. was a passenger, resulting in serious bodily injury to Ricky L. Tillman, Sr. and his subsequent death.

10.      Decedent Ricky L. Tillman, Sr. died from his injuries on August 14, 2020 after suffering severe injuries and severe and conscious pain and suffering from such injuries before his death from said injuries.

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

## COUNT I

## NEGLIGENCE AGAINST BNSF AND HANDY

COMES NOW Plaintiff Ricky L. Tillman, Jr, individually and on behalf of the Class 1 Plaintiffs under Missouri's Wrongful Death Statute, Section 537.080, RSMO, by and through his attorneys, Cook, Barkett, Ponder & Wolz, L.C. and for Count I of his cause of action against Defendants BNSF and Handy, alleges as follows:

11.     To the extent they are not inconsistent, Plaintiff realleges and incorporates into Count I by reference, the allegations of Paragraphs 1-10 of the Common Count of this Petition as if set forth fully herein.

12.     At all times relevant hereto, Defendant Donald Handy was employed by Defendant BNSF as an engineer responsible for the operation of the train which collided with the vehicle in which Decedent Ricky L. Tillman, Sr. was a passenger.

13.     Defendant BNSF, by and through its agents, servants and employees, including but not limited to Donald Handy and Donald Handy, individually, breached the duty of care that they owed to Decedent Ricky L. Tillman, Sr. and other motorists and were negligent in causing injury and death to Decedent Ricky L. Tillman, Sr. by their actions and inactions in one or more of the following respects:

> a.     They knew, or by the exercise of ordinary care could have known, that by reason of the unwavering approach of the Townsend vehicle which they observed, a collision was imminent in time thereafter to have slackened speed, sounded an adequate warning

4

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

or stopped the train prior to striking the Townsend vehicle but the train crew failed to do so.

b.    They failed to maintain a careful lookout.

c.    They failed to timely sound a warning.

d.    They failed to properly maintain the subject crossing.

e.    They failed to properly maintain the subject right-of-way.

f.    They failed to properly inspect the subject crossing for unsafe conditions and failed to correct such unsafe conditions as existed on the subject crossing.

g.    They failed to properly inspect subject right-of-way for unsafe conditions and failed to correct such unsafe conditions as existed on the subject right-of-way.

h.    They failed to install and operate sufficient warning devices, including but not limited to, advanced warning signs, gates, lights, or bells.

i.    They failed to maintain the right-of-way at crossing number 665539N so that it was reasonably clear of vegetation and undergrowth for a distance of 250 feet each way from said crossing so that the vegetation and undergrowth did not materially obscure approaching southbound trains from the view of westbound motorists.

5

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

j.      They failed to enforce both BNSF rules and regulations and governmental rules and regulations requiring their train crews to sound the proper warning approaching crossings, including the crossing involved in the aforementioned collision, sufficiently in advance of the crossing to warn persons approaching said crossing of the presence of approaching trains;

k.      They failed to properly construct the crossing with adequate sight distances for motorists and trains approaching the crossing thereby designing and constructing the crossing in a manner inconsistent with industry and governmental standards.

l.      They failed to act to remedy the inadequate sight distances for motorists approaching the subject crossing despite the occurrence of other incidents at said crossing.

m.      They designed and constructed the crossing at an elevation that was unreasonably dangerous to motorists thereby designing and constructing the crossing in a manner inconsistent with industry and governmental standards.

n.      They failed to properly construct the crossing with warnings adequate for the safety of motorists approaching a crossing with an elevated grade.

o.      They failed to act to remedy the dangerous elevated grade despite the occurrence of other incidents at said crossing.

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

      p.     They modified their engineering instructions for crossing design by removing that portion of the instructions which mirrored the industry and governmental standards.

14.    That as a direct and proximate result of one or more of the aforementioned careless and negligent actions or inactions of the Defendants, and each of them, as aforesaid, the Decedent Ricky L. Tillman, Sr. sustained severe and painful injuries thereby causing or contributing to cause his death on August 14, 2020; he suffered severe conscious pain and suffering from the time of the accident until his death..

15.    That as a direct and proximate result of one or more of the careless and negligent actions or inactions of the Defendants, and each of them, as aforesaid, Plaintiff has been responsible for funeral and burial expenses for Decedent Ricky L. Tillman, Sr., and has lost the benefit of decedent's income, all in sums presently unknown with certainty by Plaintiff; that Plaintiff and the other Class One members have been permanently deprived of the Decedent's valuable services, companionship, comfort, instruction, guidance, counsel, training and support, all normally afforded by a father to his children together with lost income, past and future.

WHEREFORE, Plaintiff prays for judgment against the Defendants BNSF and Handy on Count I in an amount that is fair and reasonable, which sum is in excess of this Court's jurisdictional minimum of twenty-five thousand dollars ($25,000), together with his costs incurred herein, and for such further relief as the Court deems just and proper.

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

## COUNT II

## DAMAGES FOR AGGRAVATING CIRCUMSTANCES

## AGAINST BNSF AND HANDY

COMES NOW Plaintiff Ricky L. Tillman, Jr, individually and on behalf of the Class 1 Plaintiffs under Missouri's Wrongful Death Statute, Section 537.080, RSMO, by and through his attorneys, Cook, Barkett, Ponder & Wolz, L.C. and for Count II of his cause of action against Defendants BNSF and Handy, alleges as follows:

16.     To the extent they are not inconsistent, Plaintiff realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 10 of the Common Count of this Petition and paragraphs 12 through 15 of Count I of this Petition for Damages as if set forth fully herein.

17.     That at the time and place aforementioned, Defendant BNSF, by and through its agents, servants and employees, including but not limited to Donald Handy and Donald Handy individually committed one or more of the following willful and wanton acts or omissions:

> a.     They recklessly and with a conscious disregard for the safety of others failed to slow the train, give adequate warning of the approach of the train or stop the train before it struck the Townsend vehicle, despite their knowledge of the unwavering approach of the Townsend vehicle toward the crossing.
>
> b.     They, recklessly and with a conscious disregard for the safety of others, failed to maintain a careful lookout.

8

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

c.   They, recklessly and with a conscious disregard for the safety of others, failed to timely sound a warning.

d.   They, recklessly and with a conscious disregard for the safety of others, failed to slow or stop their train prior to striking the Townsend vehicle.

e.   They, recklessly and with a conscious disregard for the safety of others, failed to properly maintain the subject crossing.

f.   They, recklessly and with a conscious disregard for the safety of others failed to properly maintain the subject right-of-way.

g.   They, recklessly and with a conscious disregard for the safety of others, failed to properly inspect the subject crossing for unsafe conditions and failed to remedy such unsafe conditions.

h.   They, recklessly and with a conscious disregard for the safety of others, failed to properly inspect the subject right of way for unsafe conditions and failed to remedy such unsafe conditions.

i.   They, recklessly and with a conscious disregard for the safety of others, failed to install and operate sufficient warning devices including but not limited to gates, lights or bells.

j.   They, recklessly and with a conscious disregard for the safety of others, failed to maintain the right-of-way at crossing number 665539N so that it was reasonably clear of vegetation and undergrowth for a distance of 250 feet each way from said crossing

9

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

so that the vegetation and undergrowth did not materially obscure approaching southbound trains from the view of westbound motorists.

k. They, recklessly and with a conscious disregard for the safety of others, failed to enforce both BNSF rules and regulations and governmental rules and regulations requiring their train crews to sound the proper warning approaching crossings, including the crossing involved in the aforementioned collision, sufficiently in advance of the crossing to warn persons approaching said crossings of the presence of approaching trains.

l. They, recklessly and with a conscious disregard for the safety of others, failed to properly construct the crossing with adequate sight distances and reasonably safe elevation for motorists approaching the crossing.

m. They, recklessly and with a conscious disregard for the safety of others, failed to act to remedy the inadequate sight distances and dangerous elevations for motorists approaching the subject crossing despite the occurrence of other incidents at said crossing.

n. They, recklessly and with a conscious disregard for the safety of others, modified their engineering instructions for crossing design by removing that portion of the instructions which mirrored the industry and governmental standards.

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

18.     That as a direct and proximate result of one or more of the aforementioned willful and wanton actions or inactions of the Defendants, and each of them, as aforesaid, the Decedent Ricky L. Tillman, Sr. sustained severe and painful injuries thereby causing or contributing to cause his death on August 14, 2020; he suffered severe conscious pain and suffering from the time of the accident until his death.

19.     That as a further direct and proximate result of one or more of the aforementioned willful and wanton actions or inactions of the Defendants, and each of them, as aforesaid, Plaintiff has been responsible for funeral and burial expenses for Decedent Ricky L. Tillman, Sr. and has lost the benefit of decedent's income, all in sums presently unknown with certainty by Plaintiff; that Plaintiff and the other Class One members have been permanently deprived of the Decedent's valuable services, companionship, comfort, instruction, guidance, counsel, training and support, all normally afforded by a father to his children, together with lost income, past and future.

WHEREFORE, Plaintiff prays for judgment against the Defendants BNSF and Handy on Count II in a sum, as damages for aggravating circumstances, such as will serve to punish these Defendants and for their willful and wanton conduct and deter these Defendants and others from similar conduct in the future, which sum is in excess of twenty-five thousand dollars ($25,000.00), for his costs expended herein, and for such other and further relief as the Court deems necessary and proper.

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

## COUNT III

## NEGLIGENCE AGAINST DECEDENT TOWNSEND

COMES NOW Plaintiff Ricky L. Tillman, Jr, individually and on behalf of the Class 1 Plaintiffs under Missouri's Wrongful Death Statute, Section 537.080, RSMO, by and through his attorneys, Cook, Barkett, Ponder & Wolz, L.C. and for Count III of his cause of action against Defendant Titusan Townsend, alleges as follows:

20.     To the extent they are not inconsistent, Plaintiff realleges and incorporates into Count III by reference, the allegations of Paragraphs 1-10 of the Common Count of this Petition as if set forth fully herein.

21.     Defendant Townsend breached the duty of care that he owed to Decedent Ricky L. Tillman, Sr. and other motorists and was negligent in causing injury and death to Decedent Ricky L. Tillman, Sr. by his failure to keep a careful lookout.

22.     By his negligence, Defendant Townsend contributed to cause the injuries to, death, and damages sustained by Decedent Ricky L. Tillman, Sr.  in the occurrence including severe conscious pain and suffering.

23.     That as a direct and proximate result of one or more of the careless and negligent actions or inactions of the Defendants, and each of them, as aforesaid, Plaintiff has been responsible for funeral and burial expenses for Decedent Ricky L. Tillman, Sr., and has lost the benefit of decedent's income, all in sums presently unknown with certainty by Plaintiff; that Plaintiff and the other Class One members have been permanently deprived of the Decedent's valuable services, companionship, comfort,

Electronically Filed - Pemiscot - August 19, 2020 - 04:59 PM

instruction, guidance, counsel, training and support, all normally afforded by a father to his children together with lost income, past and future.

WHEREFORE, Plaintiff prays for judgment against Defendant Townsend on Count III in an amount that is fair and reasonable, which sum is in excess of this Court's jurisdictional minimum of twenty-five thousand dollars ($25,000), together with his costs incurred herein, and for such further relief as the Court deems just and proper.

Respectfully submitted,

COOK, BARKETT, PONDER AND WOLZ, L.C.

By:___/s/ J. Michael Ponder_____
        J. Michael Ponder - #38066
        Matthew D. Glenn -#53671
        Attorney for Plaintiff
        1610 North Kingshighway, Suite 201
        P. O. Box 1180
        Cape Girardeau, MO 63702-1180
        Telephone: 573/335-6651 Fax : 573/335-6182
        E-Mail: mponder@cbpw-law.com
                    mglenn@cbpw-law.com