UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **RICKY L. TILLMAN, JR.,** surviving son of Ricky L. Tillman, Sr., deceased,<br><br>    Plaintiff,<br><br>v.<br><br>**BNSF RAILWAY CO., et al.,**<br><br>    Defendants. | Case No. 1:20 CV 00178 SNLJ |

### MEMORANDUM and ORDER

Plaintiff Ricky Tillman, Jr., sued defendants BNSF Railway Company, Donald Handy, and Titusan Townsend in Missouri state court under Missouri's wrongful death statute. Two days after plaintiff filed suit, defendant BNSF removed the case to this Court solely based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Plaintiff moved to remand, asserting two defendants are citizens of Missouri, the forum state, and not all defendants consented to removal. This Court will deny plaintiff's motion.

1. **Background.**

This action arises from a collision between a motor vehicle and a train in which plaintiff's father was killed. Plaintiff alleges defendant BNSF owned and operated the railway; defendant Handy, a BNSF employee, operated the train at the time of the collision; and defendant Townsend drove the vehicle involved in the collision, in which plaintiff's father was a passenger. Defendant Townsend is deceased.

1

Plaintiff filed suit against defendants in the circuit court of Pemiscot County, Missouri, on August 19, 2020. That same day, he filed a motion for appointment of attorney Walter Bley as defendant ad litem to act in defendant Townsend's place. *See* § 537.021.1(2) RSMo. The next day, August 20, Bley filed a consent to serve as defendant ad litem, an entry of appearance, and a waiver of service.

On August 21, defendant BNSF filed a notice of removal based on diversity jurisdiction, alleging plaintiff is a citizen of Arkansas; defendant BNSF is a citizen of Texas and Delaware; defendant Handy is believed to be a citizen of Missouri; and defendant Townsend was believed to be a citizen of Missouri at the time of his death. Defendant BNSF also alleged that the amount in controversy exceeds $75,000, which plaintiff does not dispute; and, that the "forum defendant rule" does not bar removal of the action because the forum defendants had not yet been served, which plaintiff does dispute. Sometime later that same day, the circuit court filed an order appointing Bley as defendant ad litem for Townsend. In the record, that appointment order appears to have a date stamp of August 21, 2020, but it does not have a time stamp. The parties agree the circuit court filed the appointment order after defendant BNSF filed its notice of removal.

Once the case was removed, this Court granted plaintiff's motion to appoint Bley as defendant ad litem for Townsend. Plaintiff moved to remand the case. Bley filed a waiver of service and his own motion to remand, stating he did not consent to removal. Then, Bley filed an application to substitute a different attorney as defendant ad litem for Townsend. This Court granted the substitution. The new defendant ad litem withdrew

2

Bley's motion to remand and filed a consent to removal. The record does not indicate defendant Handy has been served with plaintiff's petition.

**2. Legal standard and the parties' dispute**.

Defendant removed this case based solely on diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states). Plaintiff filed a timely motion to remand under 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also id.* § 1447(c) (motion to remand on grounds other than lack of subject matter jurisdiction must be filed within 30 days after filing of the notice of removal); *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc) (holding violation of forum defendant rule is a non-jurisdictional defect that must be raised within 30 days of removal).

Plaintiff argues section 1441(b)(2), the "forum defendant" rule, bars defendant BNSF from removing the case because defendants Handy and Townsend are citizens of Missouri. BNSF does not dispute Handy and Townsend are citizens of Missouri. Rather, BNSF argues neither Handy nor Townsend had been "properly joined and served" before BNSF removed the case and thus section 1441(b)(2) does not apply.

As the party seeking removal, defendant BNSF bears the burden of showing removal is proper. *See, e.g.*, *Llanos v. Delta Air Lines, Inc.*, 2020 WL 635477 (C.D. Cal.

Feb. 11, 2020) (slip copy) (in a forum-defendant-rule case, a "'defendant always has the burden of establishing that removal is proper'" (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992))); *Bowman v. PHH Mortg. Corp.*, 423 F.Supp.3d 1286, 1289 (N.D. Ala. 2019) (same). "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quotation marks omitted). But when a federal court does have jurisdiction over a case properly before it, it has a "virtually unflagging obligation to exercise it." *Holbein*, 983 F.3d at 1060 (quotation marks omitted).

### 3. Section 1441(b)(2) does not preclude snap removal.

"When construing the terms of a statute, we begin with its plain language." *Dahl*, 478 F.3d at 969. Section 1441(b)(2) states a case may not be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants" is a citizen of the forum state. While the statute plainly does not allow removal once a forum defendant has been properly served, courts are divided about the permissibility of this type of "snap removal," where a defendant removes a case before the plaintiff has a chance to serve the forum defendant.

This district has taken three different approaches: (1) permitting snap removals based on the plain language of the statute, *see, e.g. Johnson v. Precision Airmotive, LLC*, 2007 WL 4289656 at *5-6 (E.D. Mo. Dec. 4, 2007) (unreported); (2) remanding snap removals because they are inconsistent with the legislative intent behind the forum defendant rule and the purposes of removal, *see, e.g.*, *Hensley v. Forest Pharm., Inc.*, 21

F.Supp.3d 1030, 1035-36 (E.D. Mo. 2014); and, (3) allowing snap removals only when at least one defendant has been served, based on a construction of the word "any" in section 1441(b)(2), *see, e.g.*, *Rogers v. Boeing Aerospace Ops., Inc.*, 13 F.Supp.3d 972, 977-78 (E.D. Mo. 2014). In conducting its analysis, this Court is mindful that the Eighth Circuit recently overruled its prior precedent, which held the forum defendant rule was jurisdictional; now, it has joined other circuits in holding violation of the forum defendant rule is a non-jurisdictional defect. *See Holbein*, 983 F.3d at 1053.

The Eighth Circuit has not addressed the propriety of "snap removal." Other circuits have concluded section 1441(b)(2)'s plain language allows for removal until a forum defendant has been served. *See Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020) (explaining section 1441(b)(2) unambiguously precludes removal only when a forum defendant has been served, and allowing removal otherwise does not yield absurd results that hinder the statute's apparent purpose); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-06 (2d Cir. 2019) (concluding "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law" and such a reading is not absurd "merely because it produces results that a court or litigant finds anomalous or perhaps unwise" (quotation marks omitted)); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (allowing snap removal does not contravene Congress' apparent purpose to address fraudulent joinder, and such an outcome is not so "outlandish as to constitute an absurd or bizarre result").

5

Although the results of such a reading may seem inconsistent with the apparent spirit of the statute, the "Supreme Court has stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Owner-Operator Indep. Drivers Ass'n v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011) (internal quotation omitted). As a result, and because this Court must follow the plain, unambiguous words of a statute, *see id.*, this Court agrees with the reasoning of the Second, Third, and Fifth Circuits and concludes that if no forum defendant was "properly joined and served" before removal, section 1441(b)(2) does not preclude removal.

This reading does not require that at least one defendant has been served before a case may be removed. *See Gibbons*, 919 F.3d at 705-06 (holding removal was permitted where defendants removed cases before any defendant was served). Neither the removal statutes nor the case law suggests that a defendant must have been served itself before it can remove a case. *See, e.g.*, *id.*; *Encompass*, 902 F.3d at 152-54 (allowing pre-service removal by forum defendant, the sole defendant in the case); *Taylor v. Cottrell, Inc.*, 2009 WL 1657427 at *2 (E.D. Mo. June 10, 2009) (unreported) (collecting cases and explaining "as courts have recognized, nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court").

Contrary to plaintiff's argument, *Pecherski v. General Motors Corporation*, 636 F.2d 1156 (8th Cir. 1981), does not mandate remand. The *Pecherski* court did not address the forum defendant rule; rather, it addressed whether the "joined and served" language in section 1441(b)(2) extends, by implication, to expand diversity jurisdiction and allow

6

courts to ignore the citizenship of an unserved, non-diverse forum defendant. *See id.* at 1160. The court rejected that argument, explaining that "Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Id.* Here, there is complete diversity between plaintiff and defendants, so the question is whether any forum defendants were "joined and served" when defendant BNSF removed the case.

### 4. No forum defendant was properly joined and served before removal.

The parties disagree as to whether defendant ad litem Bley's waiver of service, filed before removal and before the circuit court appointed him as defendant ad litem, activated section 1441(b)(2) and stripped defendant BNSF of its statutory right to removal. Missouri authorizes appointment of a defendant ad litem in personal injury and wrongful death cases where "a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer." § 537.021.1(2) RSMo. A defendant ad litem is different than a personal representative of a decedent's estate; a defendant ad litem acts as a "legal representative for the insured, and the liability insurer is the real defendant." *LaBarbera v. Malec*, 540 S.W.3d 903, 905 n.1 (Mo. Ct. App. 2018). "The defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer. . . and any proceedings had or judgment rendered in such cause after such appointment shall be binding on the insurer of such deceased wrongdoer . . . ." § 537.021.1(2) RSMo.

7

Defendant argues Bley's waiver of service did not take effect until this Court appointed him as defendant ad litem after removal, meaning no forum defendant had been served before removal.  Defendant provides no authority in support of its conclusion and no guidance on whether or when a waiver of service is effective in these circumstances. Under the plain language of the ad litem statute, a defendant ad litem only becomes the defendant when the court appoints them.  *See* § 537.021.1(2) RSMo (a "defendant ad litem **when so appointed** shall serve and act as the named party defendant" (emphasis added)); *cf. LaBarbera*, 540 S.W.3d at 910 (explaining a defendant ad litem became the defendant when appointed and, at that point, should have been substituted as the named party-defendant).  The Missouri rules hold that a waiver of service is "deemed as valid as service" when a "defendant" waives service in writing.  *See* § 506.150.2 RSMo.

The parties agree defendant BNSF filed its notice of removal before the circuit court filed its order appointing Bley as defendant ad litem.  Once a notice of removal is filed, a state court loses all jurisdiction over the case unless and until it is remanded, and any subsequent proceedings or orders it issues are void.  *See Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, -- U.S. --, 140 S.Ct. 696, 700 (2020).  As a result, Bley never became the defendant in the circuit court, so this Court cannot give effect to his attempt to act as defendant and waive service there.  And for that reason, this Court also rejects plaintiff's argument that the circuit court appointed Bley as defendant ad litem on August 21, 2020, after the case had been removed, and that such appointment relates back to the date he filed his waiver of service there.  Plaintiff's suggestion that Bley made a

8

"general appearance" before the circuit court and thus was "before" that court, making removal improper, finds no support in the requirements of the removal or ad litem statutes.

This Court also rejects plaintiff's arguments that defendant BNSF had to show the circuit court did not *sign* the order before defendant filed its notice of removal or that this Court can assume the circuit court had jurisdiction to enter the order. The parties agree the circuit court did not file the appointment order before defendant BNSF filed for removal. Although there is authority supporting defendant's position that a written order does not take effect until is filed or at least noticed to the parties, *cf., e.g.*, *Crangle v. Crangle*, 809 S.W.2d 474, 474-75 (Mo. Ct. App. 1991), plaintiff provides no authority—and this Court has found none—for its proposition that a written order takes effect the moment it is signed, even if it has not been filed or noticed to the parties in any way.

Plaintiff's argument that not all defendants consent to removal fails. The record does not indicate defendant Handy has been served with plaintiff's petition. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"). The defendant ad litem for defendant Townsend has consented. Plaintiff argued for the first time in his reply brief that remand is proper because the defendant ad litem did not consent to removal within 30 days of being served. As the defendant ad litem was not served before removal, the statute did not require him to file a consent to removal. *See id.*; *see also id.* §§ 1446(b)(2)(C) (allowing consent by an earlier-served defendant when a later-served defendant files a notice of removal), 1448 (stating that where a defendant is served after removal, he can move to remand the case).

And even if the defendant ad litem did need to file a consent, the Eighth Circuit has declined to set a stringent time limit for that consent like the one for which plaintiff advocates. *See Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017).

This Court also notes that, given its conclusions on the other points raised, it need not address defendant BNSF's argument that the Court can ignore the citizenship of defendant Townsend altogether because the defendant ad litem is a nominal party and not a "real party in interest."

Finally, this Court will deny plaintiff's request for sanctions against defendant BNSF for removing the case. Defendant BNSF's motion to dismiss Count II of plaintiff's complaint (#20) has not yet been fully briefed and remains pending.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#22) is DENIED.

IT IS FURTHER ORDERED that defendant Townsend's motion to remand (#27), which has since been withdrawn, is DENIED as moot.

Dated this 5th day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE