UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **RICKY L. TILLMAN, JR., surviving son** of Ricky L. Tillman, Sr., deceased,<br><br>　　Plaintiff,<br><br>v.<br><br>**BNSF RAILWAY CO., et al.,**<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:20 CV 00178 SNLJ<br>)<br>)<br>)<br>) |

## **MEMORANDUM and ORDER**

Plaintiff Ricky Tillman, Jr., sued defendants BNSF Railway Company, Donald Handy, and Titusan Townsend in Missouri state court under Missouri's wrongful death statute. Defendant BNSF removed the case to this Court based on diversity jurisdiction, and this Court later denied plaintiff's motion to remand. This action arises from a collision between a motor vehicle and a train in which plaintiff's father was killed. Plaintiff alleges defendant BNSF owned and operated the railway; defendant Handy, a BNSF employee, operated the train at the time of the collision; and defendant Townsend drove the vehicle involved in the collision, in which plaintiff's father was a passenger. Defendant Townsend is deceased.

Plaintiff now seeks voluntary dismissal without prejudice of the remaining counts in this case so that he may pursue his claims in state court against BNSF, defendant Handy, defendant Townsend (through his guardian ad litem), and a new defendant, the City of Hayti, Missouri. Plaintiff states that two related lawsuits have been filed in state court—

one by defendant Townsend's widow and one by plaintiff here along with his sister, Riccole Tillman. Both new, state-court lawsuits name the City of Hayti as a defendant, and neither lawsuit is removable to federal court because there is no diversity of citizenship. Plaintiff states that he intends to consolidate the two state court cases[1] and, if this case is dismissed, he will pursue his claims against all potentially responsible parties in the state-court litigation.

Federal Rule of Civil Procedure 41(a)(2) provides that, where the defendant has already answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." It is well settled that, "[a] decision whether to allow a party to voluntarily dismiss rests upon the sound discretion of the court." *Hamm v. Rhone-Pulenc Roer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). Further, in exercising its discretion, "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Id*. (internal citation omitted.) "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id*.

Plaintiff contends that, by having to litigate two lawsuits, he "finds himself in the untenable position of facing a serious potential for inconsistent verdicts and the unavoidable duplication of evidence which does not serve either his interests or the interest of the judicial system." [#64 at 4.] Defendant complains that plaintiff appears to

---

[1] The Court takes judicial notice that the state court has granted the motion to consolidate.

have manufactured his situation.  Plaintiff might easily add the City of Hayti to this matter and represent his sister's interests as a beneficiary.  However, if that occurred, the other related case involving defendant Townsend's widow against defendants Handy and Hayti must still be litigated separately in state court.  BNSF is unconcerned about the parallel lawsuits because it argues that the matter will be complicated either way in light of the possibility of multiple potentially liable actors.  Not only do both sets of plaintiffs bring claims against BNSF/Handy and the City of Hayti, but Tillman also brings a claim against the deceased Townsend.  The complexity of the separate suits may not bother BNSF, but BNSF ignores that the parallel lawsuits present a very real risk of inconsistent judgments.[2] Allowing plaintiff to dismiss his Counts I and III now without prejudice to refiling in state court will best allow for efficient use of judicial resources that this Court cannot ignore.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to dismiss [#63] is GRANTED.

Dated this 21st day of July, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] BNSF cites to *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011), in support of its position that plaintiff should not be permitted to forum-shop even if the factors otherwise weigh in favor of dismissal.  That case did not involve a situation like that here, in which a parallel and unremovable state-court case presents the risk of inconsistent verdicts.

3